UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARTIN MALBERG,

    Plaintiff,

v.

ROBERT CASHEN, et al.,

    Defendants.

Case No. 22-cv-04386-BLF

**ORDER GRANTING MOTION TO DISMISS**

[Re: ECF No. 16]

Plaintiff Martin Malberg ("Plaintiff") brings this action *pro se* against Defendants Robert Cashen, Allison Dundas, Christine Guerra (collectively "Defendants"), who represented Plaintiff's wife during their divorce proceedings in state court.[1]  Plaintiff alleges that Defendants violated his Second and Fourteenth Amendment rights by seeking—on behalf of his wife—an allegedly unconstitutional restraining order against him.  In a related case, this Court dismissed a complaint in which Plaintiff alleged that the same Defendants violated his First Amendment rights through the same conduct.  *See Malberg v. Cashen*, No. 22-CV-01788-BLF, 2022 WL 4544729 (N.D. Cal. Sept. 28, 2022) ["*Malberg I*"].

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6).  Mot., ECF No. 11.  Plaintiff opposes.  *See* Opp'n, ECF No. 20.  Defendants filed a Reply.  *See* Reply, ECF No. 28.  Having considered the papers filed by both parties, the Court finds this matter suitable for resolution without oral argument, and the hearing scheduled for this motion is VACATED.  L.R.

---

[1] Mr. Malberg also named Officer Temo Gonzalez as a defendant in his complaint.  Officer Gonzalez is the police officer who enforced the restraining order Mr. Malberg's wife obtained against him.  The Court dismissed Mr. Malberg's claims against Officer Gonzalez on December 20, 2022, for failure to effect service of process pursuant to Federal Rule of Civil Procedure 4(m).  ECF No. 32.

1  Civ. 7-1(b).  For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss
2  with LEAVE TO AMEND.

## I. BACKGROUND

On January 11, 2021, Plaintiff's wife filed a petition for dissolution and a request for a domestic violence restraining order against him in the Superior Court of California, County of Santa Clara (the "Divorce Action").  Compl. and Req. for Inj. ("Compl.") § III(B), ECF No. 1; *see also* Req. Judicial Notice ("RJN"), Ex. C ("Register of Actions"), ECF No. 16-2.[2]  Defendants Robert Cashen and Allison Dundas represented Plaintiff's wife in the Divorce Action, and Defendant Christine Guerra was a legal assistant for Defendants Cashen and Dundas.  Compl. § III(A)-(B).

The Santa Clara County Superior Court granted a domestic violence temporary restraining order *ex parte* subject to a subsequent hearing, which was served on Plaintiff around January 28, 2021.  *Id.* § III(B); *see also* Mot. 4.  The restraining order hearing was continued several times until it was finally heard on March 3, 2022, along with the trial in the Divorce Action, allegedly without Plaintiff's consent or accommodating his request for a jury trial.  Compl. § III(B); *see also* Mot. 4.  The restraining order issued by the Superior Court indicates that Plaintiff failed to appear at the March 3, 2022, hearing.  RJN, Ex. D ("Restraining Order").  Plaintiff alleges that Defendants presented fabricated evidence and edited text messages at the hearing.  Compl. § III(B).

On March 4, 2022, the day after the hearing, the Superior Court entered a restraining order against Plaintiff.  *See* Restraining Order.  On March 11, 2022, the Superior Court entered judgment against Plaintiff.  Mot. 4; *see also* RJN, Ex. C.

---

[2] The Court GRANTS Defendants' Request for Judicial Notice of Exhibit A (Complaint in this case, *Malberg v. Cashen, et al.*, No. cv-22-04386, filed July 28, 2022); Exhibit B (Complaint in *Malberg v. Cashen, et al.*, No. 22-cv-01788, filed March 21, 2022, in this District); Exhibit C ("online register of actions" for family law case no. 21FL000043 in the County of Santa Clara Superior Court); and Exhibit D (restraining order issued in the proceedings set forth in Exhibit C).  *See Cherewick v. State Farm Fire & Cas.*, 2022 WL 80429, at *14 (S.D. Cal. Jan. 7, 2022) ("It is well-established that courts may take judicial notice of the pleadings, filings, and court records of any court.").

Shortly thereafter, on March 21, 2022, Plaintiff filed a Complaint and Request for Injunction *pro se* before this Court, naming as defendants his wife's counsel in the underlying Divorce Action and the police officer who enforced the restraining order. RJN, Ex. B ["*Malberg I* Complaint"]. The *Malberg I* Complaint alleged that Defendants violated Plaintiff's First Amendment rights by seeking—on behalf of his wife—an allegedly unconstitutional restraining order against him. *Id.* § III.

On July 28, 2022, Plaintiff filed the Complaint and Request for Injunction in this action. *See* Compl. The Complaint in this action accuses the same Defendants of the same conduct as the complaint in *Malberg I*, but it alleges that conduct violates Plaintiff's Second and Fourteenth Amendment rights instead his First Amendment rights. *Compare* Compl., *with Malberg I* Complaint. Plaintiff seeks several types of injunctive relief, including an "emergency injunction" of the Divorce Action's restraining order and income withholding order; vacatur of all judgments and nullifying all orders in the Divorce Action; and a "strike down" of the allegedly unconstitutional California Domestic Violence Prevention Act ("DVPA"), all California "red flag" statutes, and the "Bipartisan Safer Communities Act." Compl. § V. Plaintiff also seeks 1,483 ounces of U.S. Gold Eagles in damages and prison time for all Defendants. *Id.*

This Court dismissed the *Malberg I* Complaint on September 28, 2022, under Federal Rule of Civil Procedure 12(b)6. *Malberg I*, 2022 WL 4544729, at *4.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a

3

sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).

The Court should liberally construe the pleadings of *pro se* plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696 (9th Cir. 1988). However, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014).

## III. DISCUSSION

### A. Claim Preclusion

Defendants argue that Plaintiff's claims are barred by claim preclusion based on this Court's dismissal of Plaintiff's complaint in *Malberg I*. Mot. 3-7. Plaintiff does not respond to this argument. The Court agrees with Defendants for the reasons explained below.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (internal quotations omitted). The Court finds all three elements satisfied here.

First, there is an identity of claims. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (quoting *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir.2000)). Here, the two adjudications arise out of the same transactional nucleus of facts. In both adjudications, Plaintiff Mr. Malberg alleges that Defendants Mr. Cashen, Ms. Dundas, and Ms. Guerra violated his constitutional rights by helping his wife obtain a restraining order against him in the Divorce Action. *Compare* Compl. § III, *with Malberg I Complaint* § III.

The differences between the two adjudications do not undermine the identity of claims. The only difference in the allegations in Plaintiff's "Statement of Claim" between the two complaints is

1  that Plaintiff now asserts that Defendants' conduct violates his Second and Fourteenth Amendment
2  rights instead of his First Amendment rights.  *Compare* Compl. § III(C), *with Malberg I Complaint* §
3  III(C).  Elsewhere in the Complaint, Plaintiff has added to the list of statutes at issue in this case 18
4  U.S.C. § 2384, which makes illegal seditious conspiracy.[3]  *See* Compl. § II(A).  He has also changed
5  his damages request to seek 1,483 ounces of U.S. Gold Eagles instead of $2 Million and requested
6  additional injunctive relief, including a "strike down" of "all CA 'red flag' statutes" and the
7  "Bipartisan Safer Communities Act."  *Id.* § V.  But these differences do not change that the two
8  adjudications arise out of the same transactional nucleus of facts because Plaintiff could have asserted
9  them in the first adjudication.  *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322
10 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may
11 still be subject to a res judicata finding if the claims could have been brought in the earlier action.").
12 Accordingly, the Court finds that there is an identity of claims between this action and *Malberg I.*

13    Second, there was a final adjudication on the merits in *Malberg I*.  In *Malberg I*, this Court
14 dismissed Plaintiff's federal claims with prejudice under Federal Rule of Civil Procedure 12(b)(6) for
15 failure to state a claim.  That was a final adjudication on the merits.  *See Editora Musical Musart S.A.*
16 *de C.V. v. Azteca Int'l Corp.*, No. 211CV03588CBMAJWX, 2012 WL 13008433, at *5 (C.D. Cal.
17 Mar. 23, 2012) ("Dismissal with prejudice under 12(b)(6) for failure to state a claim is a 'final
18 judgment in the merits' to which res judicata applies." (citing *Federated Dep't Stores v. Moitie*, 452
19 U.S. 394, 399 n.3 (1981), and *Stewart v. Bancorp,* 297 F.3d 953, 957 (9th Cir. 2002)).

20    Third, there is identity of the parties.  In *Malberg I*, as here, Plaintiff Mr. Malberg sued
21 Defendants Mr. Cashen, Ms. Dundas, and Ms. Guerra.

22    Accordingly, the Court finds that Plaintiff's claims are barred by res judicata.  Accordingly,
23 Plaintiff's claims are DISMISSED WITH PREJUDICE on this basis.  The Court, however, however
24 proceeds to analyze Defendants' other arguments as they provide additional independent bases for
25 dismissal.

---

[3] Plaintiff asserted this statute as a potential basis for liability in his opposition to Defendants' motion to dismiss in *Malberg I*.  The Court nevertheless considered whether Plaintiff had standing to assert a claim under the statute and found that he did not.  *See Malberg*, 2022 WL 4544729, at *3.

### B. 42 U.S.C. § 1983

Plaintiff first cites the Second and Fourteenth Amendments as a basis for federal question jurisdiction. Compl. § II(A). However, neither provides a direct cause of action. Rather, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983," which Plaintiff does invoke here. *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Accordingly, the Court will construe Plaintiff's invocation of the Second and Fourteenth Amendments as the asserted rights and basis for his claim under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not plausibly alleged and cannot plausibly allege that Defendants acted under color of state law. Plaintiff alleges that Defendants acted under color of state law either by virtue of their status as California attorneys or by their invocation of the law as the basis of their client's claims. *See* Compl. § II(A) ("All Defendants are officers of the court and agents of the State of CA without immunity for Constitutional violations"); *see also* Addendum 1 to Compl. ("Addendum") Claim 3 ("The above violations in Claim 1 by Defendants was done under the 'color of law' of the California Domestic Violence Prevention (CDVP) statute in violation of 42 USC §1983, 18 USC §241 and 18 USC §242, permitting relief to the Plaintiff, and the imposition of penalties on the Defendants who were acting as agents of the court and state."), ECF No. 1-1. Neither allegation renders Defendants state actors under Section 1983. Although lawyers are held to be officers of the court, the U.S. Supreme Court has held this alone does not render a lawyer representing a client a "state actor" for the purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Likewise, a lawyer does not act "under the color of state law" by citing laws as the basis of their clients' claims. *Cf. Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."); *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely

6

resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge.").

The Court finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because he has not alleged facts showing that Defendants were acting under color of state law when they allegedly violated his Second or Fourteenth Amendment rights. Accordingly, the Court DISMISSES Plaintiff's § 1983 claim against Defendants.

### C. Federal Criminal Statutes

The Complaint also cites two federal criminal statutes for conspiracy to violate rights, 18 U.S.C §§ 241, 242, and the federal criminal statute for seditious conspiracy, 18 U.S.C. § 2384. Compl. §§ II(A). Plaintiff appears to seek criminal penalties against Defendants, including "maximum prison time," "criminal referral," and "Grand Jury Petition." Compl. § V.

It is well established that "private individuals lack standing to assert claims for relief based on criminal statutes." *Redmond v. United States*, No. 22-CV-01107-TSH, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (listing cases); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Carmichael v. Cnty. of San Diego*, 2019 WL 6716728, at *6 (S.D. Cal. Dec. 10, 2019) (finding no private cause of action under 18 U.S.C. § 2384). To the extent Plaintiff attempts to bring Title 18 criminal charges and seek criminal penalties against Defendants, the Court DISMISSES such claims for lack of standing.

### D. Supplemental Jurisdiction

Because the Court has dismissed all federal grounds that the Complaint cites in support of federal question jurisdiction and Plaintiff does not invoke diversity jurisdiction (*see* Compl. § II), the Court has disposed of all claims over which it may have original jurisdiction.[4] "In the usual

---

[4] The Court notes that subject matter jurisdiction would not lie by virtue of an implied request for declaratory relief. *See* Compl. § V (requesting "strike down" of various statutes). Although there is a federal statute providing declaratory relief as a remedy, "the Declaratory Judgment Act 'does not itself confer federal subject-matter jurisdiction.'" *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1216 (N.D. Cal. 2017) (quoting *Fid. & Cas. Co. v. Rsrv. Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979)).

7

case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Where, as here, all federal law bases cited in the Complaint have been dismissed, the Court may exercise—and will exercise—its discretion to decline supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, to the extent the Complaint purports to raise any unspecified or implied claims (such as for fraud or fabrication of evidence), the Court will DISMISS those claims WITHOUT PREJUDICE to Plaintiff's re-asserting those claims in state court.

### E.     Leave to Amend

Although it is mindful of Plaintiff's status as a *pro se* litigant, the Court finds that the Complaint cannot be saved by amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The law is clear that private attorneys invoking state legal procedures do not become state actors for purposes of § 1983 (*see Schucker*, 846 F.2d at 1205), and the law is even clearer that private plaintiffs do not have standing to bring criminal charges (*see Aldabe*, 616 F.2d at 1092). Any amendment would be futile.

//
//
//
//
//
//
//
//
//

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's Complaint is GRANTED, as follows:

1. The Complaint is DISMISSED WITHOUT LEAVE TO AMEND as to any claim purportedly arising from the Second or Fourteenth Amendments; 42 U.S.C. § 1983; or 18 U.S.C. §§ 241, 242, 2384.

2. The Complaint is DISMISSED as to any remaining unspecified or implied state law claim, WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE to re-filing in state court.

Dated: January 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge